**JUDGE MARRERO      07 CV 7207**

Peter Jakab (PJ-8553)
FEIN & JAKAB
The Woolworth Building
233 Broadway - Suite 930
New York, NY 10279
(212) 732-9290

David Toy (admitted in CA and TX)
SPAGNOLETTI & CO.
401 Louisiana St., 8th Floor
Houston, TX 77002-1629
(713) 653 5600



Attorneys for Plaintiff
COMMERCIAL METALS COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERCIAL METALS COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>M.V. PORT VICTORIA, *IN REM*, HER ENGINES, TACKLE, APPAREL, ETC., PORT VICTORIA GMBH & CO. KG, ITM GERMANY GMBH, AND SK SHIPPING CO., LTD., *IN PERSONAM*<br><br>Defendants. | Case No.<br><br><u>COMPLAINT</u> |

Plaintiff, Commercial Metals Company ("CMC"), by and through its undersigned attorneys, complains of the M.V. *Port Victoria, in rem*, Port Victoria GmbH & CO. KG ("Port Victoria"), ITM Germany GmbH ("ITM"), and SK Shipping Co. Ltd. ("SK Shipping"), *in personam*, respectfully showing:

## I. PARTIES

1. Plaintiff CMC is a corporation existing under the laws of Delaware, which maintains a place of business in Texas and conducts business in Texas.

2. Defendant *in rem*, M.V. *Port Victoria*, is a Marshallese-flag bulk cargo carrier of approximately 30,169 tons, built in 2005. This vessel transported the steel cargo made the subject of this claim from Malaysia to the port of Houston, Texas.

3. Defendant *in personam*, Port Victoria GmbH & Co. KG, is a company organized and existing under the laws of a state other than New York, and upon information and belief, owned the M.V. *Port Victoria*, on the occasion made the basis of this suit. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") to which Germany subscribes, CMC hereby forwards duplicate originals of process with this Complaint, translated into German, to the Central Authority for Hamburg, Germany, to wit: Präsident des Amtsgerichts Hamburg, Sievekingplatz 1, 20355, Hamburg, Germany, for service upon Defendant Port Victoria GmbH & Co. KG, which may be forwarded to its office at Lombard Hause, 23 Schauenburger Strasse, Hamburg, D-20095, Germany.

4. Defendant, *in personam*, ITM Germany GmbH, is a company organized and existing under the laws of a state other than New York, and upon information and belief, was the ship manager of the *M.V. Port Victoria* on the occasion made the basis of this suit. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") to which Germany

subscribes, CMC hereby forwards duplicate originals of process with this Complaint, translated into German, to the Central Authority for Hamburg, Germany, to wit: Präsident des Amtsgerichts Hamburg, Sievekingplatz 1, 20355, Hamburg, Germany, for service upon Defendant ITM Germany GmbH, which may be forwarded to its physical offices located at Lombard Hause, 23, Schauenburger Strasse, Hamburg, D-20095, Germany.

5.  Defendant *in personam*, SK Shipping Co., Ltd., is a company organized and existing under the laws of a state other than New York, and upon information and belief, was the charterer of the M.V. *Port Victoria* on the occasion made the basis of this suit. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") to which the Republic of Korea subscribes, CMC hereby forwards duplicate originals of process with this Complaint, translated into Korean, to the Central Authority for the Republic of Korea, to wit: National Court Administration, Attn.: Director of International Affairs, 967, Seocho-dong, Seocho-gu, Seoul 137-750, Republic of Korea, for service upon said Defendant SK Shipping Co., Ltd., at its physical offices located at 19th Floor, SK Shipping Namsan Building, 267, Namdaemunno 5-ga, Chung-gu, Seoul 100-711, Republic of Korea.

## II. JURISDICTION AND VENUE

6.  This cargo claim presents an admiralty or maritime case within the jurisdiction of the United States and this honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Federal Rule of Civil Procedure 9(h). The *in rem* claim is asserted against the vessel, M.V. *Port Victoria,* pursuant to Supplemental Rule C of the

Supplemental Rules for Certain Admiralty & Maritime Claims, Federal Rules of Civil Procedure, and the maritime law of the United States.

7.    Venue is proper as to the admiralty and maritime claim pursuant to Rule 82, Fed. R. Civ. P.

### III. BACKGROUND AND CLAIM

8.    On or about May 13, 2006, a cargo of steel products, including prime hot rolled steel plates, was delivered in good order and condition to the M.V. *Port Victoria* in Kuantan Port, Malaysia, to be transported by sea on the M.V. *Port Victoria* to the Port of Houston, Texas. The owners and/or charterers of the vessel issued bills of lading numbers SKSMKTHU00054000 and SKSMKTHU00055000, and possibly others, on or about, May 13, 2006, covering the aforementioned cargo of steel products.

9.    The above-referenced shipment of steel cargo was delivered to the M.V. *Port Victoria* in good order and condition. Said cargo, however, arrived in the Port of Houston in a damaged and deteriorated condition, including but not limited to, seawater contamination and rusting, shortage, and physical damage. The damage to the aforementioned cargo arising during shipment on the M.V. *Port Victoria* gives rise to a maritime lien in favor of cargo's interests which CMC hereby asserts against the M.V. *Port Victoria, in rem*, and against Defendants Port Victoria, ITM, and SK Shipping.

10.   The damage, delay and shortage to the cargo was the direct and proximate result of the acts or failure to act of the Defendants herein, which constitute negligence, breach of contract of carriage, breach of contract of bailment, unseaworthiness, deviation and/or breach of

the implied and/or express warranties on the part of the Defendants while the cargo was in the Defendants' care, custody, and/or control.

11. By virtue of the aforementioned damages, CMC has suffered a loss of at least $219,274.78, plus interest and costs, for which sum CMC brings this action and enforces its maritime lien on the M.V. *Port Victoria*, *in rem*, and against the Defendants *in personam*.

12. In addition to the aforementioned damages, Plaintiff CMC hereby demands statutory attorneys' fees as allowed by agreement and applicable maritime law. Reasonable attorneys fees in this matter are presently estimated to be in an amount of at least $75,000.

13. CMC was the shipper, consignee, or owner of the shipment of steel cargo described herein, and brings this action on behalf of, and for the interest of all parties who may be, or may become, interested in such shipment as their respective interests may appear. CMC is entitled to maintain this action and has standing to so assert.

14. If any charterparty, booking note, bill of lading or other contract of carriage legally obligates CMC to arbitrate all or any part(s) of the disputes or matters arising herein, then Plaintiff hereby presents notice of claim and demand for relief at arbitration in the forum required, and for that purpose, appoints as arbitrator Lucienne C. Bulow of New York City as arbitrator thereof.

WHEREFORE PREMISES CONSIDERED, Plaintiff CMC prays that its maritime lien and claims against M.V. *Port Victoria*, be enforced and effectuated, and that Defendants *in personam* be cited to appear and answer herein, and that upon final hearing of all claims, CMC have and recover judgment against all aforesaid Defendants in an amount equal to its losses,

damages, and disbursements, together with reasonable and necessary attorneys' fees of at least $75,000, plus interest at the legal rate until paid, and all costs of court. Plaintiff CMC prays for all such further relief, both general and special, at law or in equity, to which CMC may be justly entitled.

Dated: August 13, 2007  
       New York, New York

Respectfully,

FEIN & JAKAB  
The Woolworth Building  
233 Broadway · Suite 930  
New York, NY 10279  
212/732-9290

By: _____  
PETER JAKAB (PJ-8553)

Attorneys for Plaintiffs  
COMMERCIAL METALS COMPANY